IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| TERMICA SHONTEL HARRIS, | * | |
| Plaintiff, | * | |
| v. | * | CV 124-200 |
| CHARLIE NORWOOD DEPARTMENT OF VETERAN AFFAIRS MEDICAL CENTER, | * | |
| Defendant. | * | |

O R D E R

Plaintiff, proceeding *pro se*, filed this lawsuit on November 5, 2024. (Doc. 1.) On November 6, 2024, the Court instructed Plaintiff that "she must serve Defendant within ninety days after the complaint was filed, and failure to do so may result in the dismissal of individual defendants or the entire case." (Doc. 3, at 1 (citing FED. R. CIV. P. 4(m)).) Plaintiff made various filings throughout the 90-day window: on November 11, 2024, Plaintiff filed a summons and proof of service as to Defendant (Doc. 4); on December 13, 2024, Plaintiff filed USPS Tracking for "Charlie Norwood" and "Dept of Veterans Affairs" (Doc. 5); and on January 27, 2025, Plaintiff filed a motion for default judgment (Doc. 9). However, Plaintiff failed to show she properly served the summons and complaint upon Defendant within the 90-day window.

As a result, on February 6, 2025, the Court informed Plaintiff that Defendant had not been properly served and instructed her to show cause within fourteen days why the case should not be dismissed without prejudice for failure to serve. (Doc. 11.) On February 10, 2025, Plaintiff filed two responses, largely reiterating the service attempts made thus far, and filed another motion for default judgment. (Doc. 12; Doc. 13; Doc. 14.)

To obtain default judgment, a party must first file an application for entry of default with the clerk showing the opposing party has not answered or otherwise responded to the complaint, and then, after the entry of default, seek a judgment against the party in default. Travelers Cas. and Sur. Co. of Am., Inc. v. E. Beach Dev., LLC, No. 07-0347, 2007 WL 4097440, at *1 (S.D. Ala. Nov. 14, 2007). With regards to the first step requiring an entry of default, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED R. CIV. P. 55(a). "However, before directing the clerk to enter a default the Court must determine whether the plaintiff properly effected service of process, for which Plaintiff bears the burden of proof." Lyons v. Elite St. Cap. LLC, No. 1:22-CV-1991, 2022 WL 18459843, at *1 (N.D. Ga. Dec. 2, 2022) (citing FED R. CIV. P. 4(l)). "[A]bsent a showing by Plaintiff[] that [she] properly effectuated

2

service of process, an entry of default by the Clerk is not appropriate against Defendant." Onpower, Inc. v. United Power Line Contractors, LLC, No. 2:15-cv-796-FtM-99MRM, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) (internal citation omitted).

Plaintiff contends she is entitled to default judgment because she properly served Defendant by mailing the summons to both "The Charlie Norwood Department of Veteran Affairs, Medical Center" and "The Department of Veteran Affairs, Office of General Counsel, Tort Law Group." (Doc. 12, at 1.) Plaintiff provided the relevant tracking information, as well as email correspondences between herself and an employee of the Department of Veteran Affairs, Office of General Counsel, Tort Law Group to show proof of service. (Doc. 12-1; Doc. 14, at 2.) Plaintiff also attached a form seeking entry of default against Defendant to her second motion for default judgment. (Doc. 13, at 3.)

However, despite these efforts, the Court finds Plaintiff has failed to timely effectuate service because she has not served the necessary parties. Under Federal Rule of Civil Procedure 4(i)(2), "[t]o serve a United States agency or corporation . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." To effectively serve the United States, "Plaintiff needed to properly serve the United States . . . Attorney for the [Southern] District of Georgia and

3

the United States Attorney General." Carter v. Kendall, No. 5:23-CV-210, 2024 WL 289332, at *3 (M.D. Ga. Jan. 25, 2024) (citing FED. R. CIV. P 4(i)(1)). Moreover, for service to be effective, Plaintiff needed to comply with the return of service requirements in Federal Rule of Civil Procedure 4(l), as noted in the Court's February 6, 2025 Order. (Doc. 11, at 1-2.) Upon review of the docket, Plaintiff has failed to make any showing that she attempted to serve the United States Attorney for the Southern District of Georgia or the United States Attorney General, nor has Plaintiff offered any explanation for her failure to do so. (See Doc. 12; Doc. 14.)

Because Plaintiff failed to effectively serve Defendant, she is not entitled to an entry of default, nor, accordingly, default judgment. Therefore, Plaintiff's motions for default judgment (Doc. 9; Doc. 13) are **DENIED**. Moreover, because Plaintiff has failed to effectuate timely service of process and has failed to show good cause for such, this action is **DISMISSED WITHOUT PREJUDICE**. (See FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motions for default judgment (Doc. 9; Doc. 13) are **DENIED** and this

4

action is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of February, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA